| | |
|---|---|
| Case No. | CV 17-05244-GW-DFM |
| Date | July 19, 2019 |
| Title | Gregory L. Egland for Neil Ryan Egland v. Andrew Saul, Commissioner |

Present: The Honorable   Douglas F. McCormick

| Nancy Boehme | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**     (In Chambers) Order Granting Plaintiff's Petition for Approval of Attorney's Fees under § 406(b) of the Social Security Act

Plaintiff's counsel moves for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $13,648.75. See Dkt. 20. Plaintiff's counsel served a copy of the motion on Plaintiff and informed him of his right to file any statement or opposition with the Court within fourteen (14) days. See id. at 1. Plaintiff has not filed any opposition or other statement.

When a court renders judgment favorable to a Social Security claimant, the court may include as part of its judgment a "reasonable fee" for the claimant's counsel, which can be no more than 25% of the total of past-due benefits awards to the claimant. See 42 U.S.C. § 406(b)(1)(A). In considering a motion for attorney's fees, the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To evaluate reasonableness, the court should consider the character of the representation and the results achieved. Id. at 808. The court "must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009). "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Id. "As evidence of the reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges." Id. The court may consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee. Id. at 1151. The Ninth Circuit has noted that "attorneys assume[] significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." Id. at 1152. The court must offset an award of § 406(b) attorney's fees by any award of fees granted under EAJA. Id. at 1144 n.3.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-05244-GW-DFM | Date | July 19, 2019 |
|---|---|---|---|
| Title | Gregory L. Egland for Neil Ryan Egland v. Andrew Saul, Commissioner | | |

The Court finds that the instant fee request is reasonable. The 25% contingency fee agreement is within § 406(b)(1)(A)'s statutory ceiling. See Dkt. 20-3 (fee agreement). The work was reasonable given the favorable outcome, the time spent is not out of proportion to the fee award, and the hourly rate does not yield a windfall for Plaintiff's counsel. See Dkt. 20-1 at 4 (stating that counsel spent 18.3 hours of attorney time on this case, resulting in an hourly rate of $746). There is no indication that a reduction of fees is warranted due to any substandard performance by counsel, or that counsel delayed these proceedings.

The only issue raised by the Commissioner in its filing is the amount of Plaintiff's past-due benefits. The Commissioner states that it "believes" that the amount is $54,573.00, or about $22 less than the number provided by Plaintiff. No reply was filed by Plaintiff. The Court will accordingly use the Commissioner's number, even though it is unsubstantiated.

Plaintiff's motion is accordingly GRANTED. Counsel shall be awarded the amount of $13,643.25, offset by a refund by counsel to Plaintiff in the amount of $3,300.00 previously paid under EAJA.

IT IS SO ORDERED.

cc: Plaintiff (by U.S. Mail)

: 

Initials of Clerk: DV

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:     DATE:     DEPUTY CLERK:

Plaintiff 7/19/2019 DV